### HEITZ v IREDALE

Ohio Appeals, 1st District, Hamilton County.

No. 6148. Decided June 15, 1942.

Wm. A. Rinckhoff, Cincinnati, for appellant.

William Nieman, Cincinnati, for appellee.

**OPINION**

BY THE COURT:

This appeal comes on for hearing on the appellee's motion to dismiss for failure to file briefs and assignment of errors, as required by Rule VII of this court.

The notice of appeal was filed on March 12th, 1942. The motion to dismiss was filed on May 22nd, 1942. The judgment appealed from was rendered on February 21st, 1942.

At the hearing of the motion to dismiss, no request was made for leave to file briefs and assignment of errors. Request was made to extend the time because of the absence of the appellant.

The merits of the appeal were argued.

An examination of the record shows that the trial court sustained a demurrer to the amended petition and struck the second amended petition from the files and dismissed the action.

This action is against an administrator of a decedent's estate, upon a claim for services rendered under a verbal agreement to compensate by making provision by will. In the amended petition the plaintiff alleged that the plaintiff presented his claim and demanded an endorsement thereon of its allowance "but that the defendant

as such administrator refused said endorsement and rejected said claim on the 19th day of March, 1941." This action was not filed until July 30th, 1941, which is more than four months after its rejection, whereas, by §10509-133 GC, as then in force, limited the time to two months within which the action could be █ brought. The action was therefore clearly barred and the demurrer to the amended petition was sustained on that ground.

In the second amended petition, the plaintiff sought to take advantage of an amendment to §10509-133 GC, enacted at a later date, prescribing that written notice should be given of the disallowance of a claim, either personally or by registered mail. He alleged that no such notice had been given to him.

The motion to strike the second amended petition and dismiss the action was on the ground that there was no substantial difference between it and the amended petition, to which a demurrer had been sustained. And as the additional allegations sought to invoke the provisions of a law not in force at the time, █ the court was clearly right in its conclusion that the motion to strike and dismiss should be sustained.

We have considered this case on the merits and have reached the conclusion that it clearly appears that the judgment should be affirmed.

The motion to dismiss is overruled and the judgment affirmed.

MATTHEWS, PJ., & ROSS, J., concur.